THE GUARDIAN LIFE INSURANCE COMPANY OF AMER-
ICA, PROSECUTOR-RESPONDENT, v. STATE BOARD OF
TAX APPEALS ET AL., DEFENDANTS-APPELLANTS.

Argued February 2, 1943—Decided July 22, 1943.

For the defendant-appellant City of Jersey City, *Charles A. Rooney* and *Charles Hershenstein.*

For the prosecutor-respondent, *John Warren.*

PER CURIAM.

This case is controlled by the case of *Allgair* v. *Hickman,* 82 *N. J. L.* 369. There Chancellor Pitney, in speaking for this court, said:

"Counsel for the plaintiff in error cites *Mowery* v. *Camden,* 20 *Vr.* 106, and other cases, to support the contention that when a special tribunal is proceeding summarily in a matter over which it has not legally acquired jurisdiction, it is within the discretion of the Supreme Court to allow a *certiorari* to review its action before the final determination of the matter. This may be conceded, at least with respect to cases where the writ of *certiorari* is issued pursuant to the general supervisory power of the Supreme Court over inferior tribunals, as distinguished from the use of the *certiorari* as a substitute for the writ of error. See *Hinchman* v. *Cook, Spenc.* 271, 272; *Mowery* v. *Camden,* 20 *Vr.* 106, 109; *State, Hoxsey, Prosecutor,* v. *City of Paterson,* 10 *Id.* 489, 493.

"But that does not dispose of the very different question now presented, which is whether the order or judgment of the Supreme Court made in the *certiorari* matter is reviewable by this court. Our review by writ of error is limited to judgments that are in their nature final, the correction of mistaken decisions in interlocutory matters being postponed until the event of the litigation appears. *Gen. Stat., p.* 1391, ¶ 1;

*Eames* v. *Stiles,* 2 *Vr.* 490, 494; *Tomlinson* v. *Armour & Co.,* 46 *Id.* 748; *Defiance Fruit Co.* v. *Fox,* 47 *Id.* 482, and cases cited."

The question here made the subject of appeal is whether the State Board of Tax Appeals may permit an amendment to a petition of appeal to the State Board so as to make the latter petition vary from the original petition to the county board in connection with the nature or extent of the relief sought. That practice was approved in the Supreme Court and is sought to be challenged here. The judgment of the Supreme Court, while final on this point, is not a final judgment on the whole case. We consider the question before us, therefore, as procedural at this stage of the proceeding. It is not properly in this court by appeal under the doctrine of the Allgair case, *supra.* After final judgment in the State Board, this and any other proper questions may be raised on application for *certiorari.*

The appeal is, therefore, dismissed.

*For dismissal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, DONGES, HEHER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 12.